**ELKINS et al. v. EQUITABLE INV. CO., Inc.**

(Court of Appeals of District of Columbia. Submitted May 4, 1926. Decided November 1, 1926. Petition for Rehearing Denied November 20, 1926.)

No. 4379.

Bills and notes ⚖══502—In action on note by holder thereof, exclusion of testimony as to consideration paid for note by payee, offered on issue of genuineness of note, held error.

In action by holder of note against executors of estate of deceased maker, where defendants, denying genuineness of note, were compelled to rely almost entirely on circumstantial evidence, it was error to exclude testimony as to consideration paid by payee for the note involved, since, if such consideration was grossly inadequate, it would have some bearing on its genuineness.

Appeal from the Supreme Court of the District of Columbia.

Action by the Equitable Investment Company, Inc., against David Elkins and others, as executors of the estate of Richard Elkins, deceased. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. G. Donaldson, Hayden Johnson, C. L. Frailey, and V. E. West, all of Washington, D. C., for appellants.

T. T. Marye and H. R. Burton, both of Washington, D. C., and Phelan Beale, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a judgment rendered by the lower court in accordance with the verdict of a jury in favor of the Equitable Investment Company, Inc., the plaintiff below, against the defendants, as executors of the estate of Richard Elkins, deceased.

The plaintiff declared that on April 19, 1921, at the city of New York, the decedent, Richard Elkins, then in full life, executed and delivered his promissory note for the sum of $150,000 to one John Richmond, payable in 1½ years from date, with interest at 6 per cent.; the consideration as expressed in the note being that Richmond had on that day reassigned to Elkins a certain one-third partnership interest in the latter's gas and oil properties located in West Virginia and vicinity, which interest Elkins had theretofore assigned to Richmond in the year 1920. Plaintiff alleged that Elkins had departed this life on June 30, 1922; that on May 5, 1923, Richmond had assigned the promissory note to one Hannibal de Mesa; that on May

11, 1923, the latter had assigned the note to the plaintiff; and that the note although overdue remained wholly unpaid. The defendant pleaded the general issue.

The note in question was typewritten upon a letter head of the Elkins Coal & Coke Company, with the name of Richard Elkins written below, and with the written initials "R. E." and "J. R." upon the margin. The executors contended at the trial that Richard Elkins had signed his name to a blank letter head for business convenience, that this had come into the possession of Richmond, who had wrongfully typewritten the note above it without the knowledge or consent of Elkins, and that this was the note sued upon. They denied that Elkins had assigned a one-third interest in his gas and oil properties to Richmond in the year 1920, or at any other time, or that Richmond had reassigned such an interest to Elkins at the date of the note. They denied that there was any consideration whatever for such a promise from Elkins to Richmond.

In support of these contentions the executors introduced the testimony of various witnesses tending to prove, among other things, that at and before the date of the note Elkins was suffering from a serious injury to his right shoulder, resulting in traumatic neuritis, necessitating the use of a sling, or a silk vest with the right sleeve sewed to it, for the support of his right arm, and that, although not totally incapacitated from writing, he was not then able to write such a signature as that appearing upon the note; that the note was typewritten by Richmond, and not by Elkins; that initials upon the margin of the note were both written by Richmond; that in various transactions taking place in the years 1920 and 1921 Richmond repeatedly stated in the presence of Elkins and others that he had no interest in the gas and oil properties of Elkins, located in West Virginia and vicinity; that at no time did Richmond ever claim or receive any part of the proceeds of such properties, or ever claim any share in the control and disposition thereof; that after the death of Elkins no such assignment as that claimed by Richmond was found among the decedent's papers. It also appeared that, about six months after the death of decedent, Richmond, before communicating with the executors concerning the note, employed attorneys to collect it for a contingent fee of 25 per cent. of the recovery, or 20 per cent. if collected without litigation, and made a statement to them concerning the delivery of the note at Delmonico's which differed substantially from that testified to by him at the trial.

On behalf of plaintiff testimony was introduced, among other things, exhibiting specimens of decedent's handwriting, written about the time in question, tending to prove that Elkins was then able to sign his name as perfectly as the signature upon the note; and that Elkins had been heard to say that Richmond had a one-third interest in his gas and oil leases. In addition to this, the testimony of Richmond, who was first called as a witness by the defendants, was to the effect that, in the course of various and extended business transactions between Elkins and himself the former had become largely indebted to him in the year 1916, and had then agreed to assign to him a one-third interest in the gas and oil leases in West Virginia and vicinity in satisfaction of the debt; that afterwards, to wit, in 1920, Elkins, after much importuning by Richmond, had delivered such a written assignment to the latter pursuant to this agreement; that early in the year 1921 the parties agreed that the one-third interest should be reassigned to Elkins, and in consideration thereof Elkins should obligate himself to pay Richmond the sum of $150,000 on time with interest; and that in the performance of this agreement Elkins made and delivered the note in suit to Richmond, who in turn delivered the reassignment of the one-third interest in the leases to Elkins. Richmond testified that the delivery of the note to him by Elkins and the initialing of the margin of the note by both parties occurred at Delmonico's in New York in the presence of one Feger. The latter also was a witness at the trial and corroborated Richmond's statement.

During the cross-examination of Richmond by the defendants, the following proceedings took place:

"Q. I will ask you, Mr. Richmond, what consideration was paid for this note by Mr. De Mesa?

"Mr. Beale: I object to that, if your honor please, on the ground that it is irrelevant, immaterial, and incompetent. * * * The only thing that is necessary is a consideration, and it has no bearing upon the issues. A sale for the consideration of one dollar is enough on its face to warrant the passage of the title.

"The Court: I think that is so, Mr. Johnson.

"Mr. Johnson: It is only offered as bearing on the genuineness of the note. If the consideration was grossly inadequate, it would have some bearing on the genuineness of the note.

"The Court: That would be going pretty far. I will sustain the objection. (Exception noted.)"

We think this ruling of the trial court was erroneous. The situation was such that the executors were compelled to rely almost entirely upon circumstantial evidence in making their defense. Accordingly the widest latitude should have been extended to them in inquiring into all circumstances which, whether standing alone or taken in conjunction with other facts, might reflect upon the question at issue. The question at issue related to the genuineness of the note sued upon. If genuine, the note constituted a fixed and definite legal obligation in writing, already due and payable, against a solvent estate. If the owner and holder of the claim sold it for a grossly disproportionate sum, that fact was a circumstance which the executors were entitled to place before the jury for consideration, with all the other evidence in the case. And moreover, if Richmond had retained an interest in the recovery when making the transfer, the executors would be entitled to have that fact also appear in the evidence. We think this rule is fully expressed in Castle v. Bullard, 23 How. (64 U. S.) 172, 187 (16 L. Ed. 424), as follows:

"Whenever the necessity arises for a resort to circumstantial evidence, either from the nature of the inquiry or the failure of direct proof, objections to testimony on the ground of irrelevancy are not favored, for the reason that the force and effect of circumstantial facts usually and almost necessarily depend upon their connection with each other. Circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof. * * * "

The record presents other exceptions taken by the defendants during the trial. These relate for the most part to matters of procedure, which do not seem to require discussion now, for we are satisfied that the ruling above set out was prejudicial error.

The judgment of the lower court is accordingly reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.